IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. R.C.H. MASONRY, INC., an Illinois corporation, Defendant. | Case No. 10 CV 880<br><br>Judge Darrah |

## MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN

NOW COME Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, (collectively "Plaintiffs" or the "Funds"), by and through their attorney, Amy Carollo, and hereby move for Entry of Judgment In Sum Certain against R.C.H. Masonry, Inc. ("Company"). In support of this Motion, the Plaintiffs state:

1. Plaintiffs filed their Complaint on February 9, 2010 seeking to compel the Company to submit benefits and dues reports and contributions and dues for the period November 2009 forward, liquidated damages and interest on the foregoing reports, accumulated liquidated damages, attorneys' fees and costs, an audit upon demand, payment on amounts owed from that audit (if any), including interest, liquidated damages, and audit costs, and to compel the Company to obtain and maintain a surety

bond. The Complaint was amended on February 12, 2010 to correctly state the Defendant's name.

2. Service was effectuated on Defendant on February 17, 2010.

3. On March 24, 2010, the Court entered an order of default.

4. The Company submitted zero reports for the period of November 2009 through April 2010. Furthermore, the owner, Mike Carpin, submitted a Declaration stating the Company has not performed any work since 2008 and its last payroll was issued in 2008. The Company does not plan on hiring any employees again. As such, the Company does not owe on any hours for the audit period of October 1, 2009 forward. See ¶¶ 5 and 6 of Affidavit of John Bronson attached as Exhibit A.

5. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, the Agreement, and the Funds' respective Agreements and Declarations of Trust, the Funds are entitled to judgment in the amount of $2,688.00 against Defendant R.C.H. Masonry, Inc. as follows:

    a. $1,053.00 in accumulated liquidated damages for late September and October 2004 reports. See Exhibit A, ¶ 7; and

    b. As set forth in the Declaration of Amy Carollo filed contemporaneously herewith and attached hereto as Exhibit B, $1,635.00, representing $1,220.00 in attorneys' fees, and $415.00 in costs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in Plaintiffs' favor and against Defendant R.C.H. Masonry, Inc., in the amount of $2,688.00, as follows:

    A.    For $1,053.00 representing accumulated liquidated damages for the late September and October 2004 benefit reports;

    B.    For $1,635.00 representing attorneys' fees and costs; and

    C.    Ordering Defendant to pay post judgment interest in all amounts due from the date of judgment until the judgment is satisfied.

June 11, 2010

Respectfully submitted,

Laborers' Pension Fund, et al.

By: /s/ Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. R.C.H. MASONRY, INC., an Illinois corporation, Defendant. | Case No. 10 CV 880<br><br>Judge Darrah |

### AFFIDAVIT OF JOHN BRONSON

JOHN BRONSON, being first duly sworn on oath, deposes and states as follows:

1. I am a Field Representative employed by the Laborers' Pension Fund and the Laborers' Welfare Fund of the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter collectively referred to as the "Funds"), Plaintiffs in the above-referenced action. My responsibilities include oversight of the collection of amounts owed by Defendant, R.C.H. Masonry, Inc. (hereinafter "the Company"). This Affidavit is submitted in support of the Laborers' Funds' Motion for Judgment in Sum Certain. I have personal knowledge regarding the statements contained herein.

2. On April 25, 1988, the Company signed an Independent Construction Industry Collective Bargaining Agreement ("Agreement") with the Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") and


EXHIBIT A

Laborers' Local Union No. 118. A true and accurate copy of the Agreement is attached hereto as Exhibit A-1.

3. Pursuant to agreement, the Funds have been duly authorized to act as collection agents on behalf of the District Council for union dues owed to the District Council.

4. The Agreement and the Funds' respective Agreements and Declarations of Trust to which the Company is bound require that the Company submit benefit reports and contribution payments by the tenth day of the following month. Payments which are not received within thirty days of this date are assessed liquidated damages in the amount of 20 percent of the principal amount of delinquent contributions, and interest at a rate of prime plus 2 percent as charged by JPMorgan Chase Bank from the date of delinquency forward. The Agreement requires that the Company submit dues reports and dues by the tenth day of the following month. Payments which are not received by this date are assessed liquidated damages in the amount of 10 percent of the principal amount of delinquent dues. A copy of the relevant portions of the Agreement is attached as Exhibit A-2; a copy of the relevant portions of the Amended Agreement and Declaration of Trust creating the Laborers' Pension Fund is attached as Exhibit A-3; a copy of the relevant portions of the Amended Health and Welfare Department of the Construction and General Laborers' District Council is attached as Exhibit A-4, and a copy of the relevant portions of the Agreement and Declaration of Trust Establishing the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund is attached as Exhibit A-5.

5. On June 7, 2010, Mike Carpin, the Company's owner, signed a Declaration and Agreement of Indemnification ("Declaration") stating: the Company ceased working in 2008; its last payroll was in 2008; and it did not intend on hiring employees. A copy of the Declaration and Agreement of Indemnification is attached as Exhibit A-6.

6. As such, the Company does not owe on any hours for the audit period of October 1, 2009 through June 11, 2010.

7. The Company owes $1,053.00 in accumulated liquidated damages on the September and October 2004 late reports. A copy of the liquidated damages history is attached as Exhibit A-7.

FURTHER AFFIANT SAYETH NAUGHT.

_____
John Bronson

Subscribed and sworn to before me
this 11th day of June, 2010.

_____
Notary Public

"OFFICIAL SEAL"
EUGENIA MASHOS
Notary Public, State of Illinois
My Commission Expires 09/12/12



# HEADQUARTERS OF
# Construction & General Laborers'
# District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between **R. C. H. Masonry, Inc.** hereincalled the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, and 1092, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1980, together with all amendment thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage rates as evidenced in the various Collective Bargaining Agreements shall be increased June 1, 1986 as follows:

| | |
|---|---|
| June 1, 1986 | Sixty (.60¢) cents increase in the Hourly Scale. (From $14.20 per hour to $14.80 per hour) |
| May 31, 1987 | Welfare contributions remain the same at One Dollar Thirty-two ($1.32) cents per hour to the Health and Welfare Fund. |
| " | Pension contributions remain the same at One Dollar Thirty ($1.30) cents per hour to the Pension Fund. |
| " | MCIAF remains the same at $0.02 Cents per hour. |
| " | Training Fund Contributions are to be paid at Five Cents (.05¢) per hour. |
| " | Dues Deduction is .20¢ per hour for each hour worked (.20) cents. |
| June 1, 1987 - May 31, 1988: | A Fifty Cents (.50¢) per hour increase into wages bringing base rate to $15.30 and an additional Five Cents (.05) into Training fund bringing the total to Ten Cents (.10) per hour exisitng Fringe Benefits and Dues Deduction remain unchanged. |
| June 1, 1988 - May 31, 1989: | There is an Eighty Cents (.80) increase per hour to be allocated between wages and benefits. |

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1986, shall be incorporated in this Memorandum of Agreements.

7. Effective June 1, 1986 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1989 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at _____ this __25th__ day of __April__, 19__88__

ACCEPTED:

Laborers' Local Union No. __118__

By __Sergio Nalino__

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By _____
Ernest Kumerow, President    Business Manager

Joseph A. Lombardo, Jr., Secretary-Treasurer

__R. C. H. Masonry, Inc.__
(Employer)

By __Michael A. Carpani - Pres.d__
(Name & Title)

__408 Owen Ct. Prospect Hts.,__
(Address)

__(312) 577-8144__
(Telephone)

[ TRUST FUND ]


EXHIBIT A-1